UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 23-mj-8233-RMM

UNITED STATES OF AMERICA

vs.

HOOBESH KUMAR DOOKHY,

Defendant.
_____/



FILED BY _____ D.C.
MAY 08 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?    No

Respectfully submitted,
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
Brian D. Ralston
Assistant United States Attorney
Court ID No. A5502727
500 South Australian Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: (561) 209-1068
Email: brian.ralston@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>HOOBESH KUMAR DOOKHY<br><br>*Defendant(s)* | )<br>)<br>) Case No. 23-mj-8233-RMM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 6, 2023__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2244(b) | Abusive Sexual Contact |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Devin Davis, FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by ~~Telephone (Facetime)~~ In Person

Date: 5/8/23

_____
*Judge's signature*

City and state: West Palm Beach, Florida      Honorable Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since 2020. I am currently assigned to the FBI Miami Division, Palm Beach County Resident Agency. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of and make arrests for, offenses enumerated in Title 18 of the United States Code.

2. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. This affidavit does not purport to contain all the information known to me about this case but addresses only that information necessary to support a finding of probable cause for the issuance of a criminal complaint charging HOOBESH KUMAR DOOKHY ("DOOKHY") with committing abusive sexual contact, in violation of 18 U.S.C. § 2244(b).

3. On or about May 5, 2023, at approximately 6:00 p.m. Eastern Standard Time ("EST"), FBI Special Agents were notified of a sexual assault that occurred earlier that morning aboard the Margaritaville at Sea cruise ship ("cruise ship") after the cruise ship departed the Port of Palm Beach in Riviera Beach, Florida and while it was traveling in international waters enroute to Freeport, Bahamas. According to the initial complaint taken by the cruise ship security, a crew member had entered a passenger's cabin and sexually assaulted the passenger and her roommate. The crew member was identified as DOOKHY who was employed as a bartender on the cruise ship.

4. The victim (HB) was interviewed by FBI Agents after the cruise ship returned to the Port of Palm Beach in Riviera Beach, Florida. HB stated that on or about the evening of May 5, 2023, and leading into the early morning hours of May 6, 2023, HB was served alcoholic

beverages by DOOKHY at the karaoke bar aboard the cruise ship. The cruise ship allows passengers to charge expenses, such as beverages, to their room accounts and this is accomplished by passengers providing their room keys to the cruise ship staff. The cruise ship staff would then swipe the passenger's room key at the cash register to effectuate the charge to the room and then return the room key to the passenger. HB stated that she charged the beverages to her room account and in doing so provided her room key to DOOKHY. HB stated that DOOKHY did not return the room key to HB. HB recalled that DOOKHY served her several drinks after her ten drink allotment was reached on her armband. HB said that he was "pretty intoxicated" by the time she reached her cabin room and wanted to sleep. HB left the karaoke bar and went to another bar on the cruise ship, before returning to her room with her cabin mate (SE) at approximately 1:00 a.m. EST. HB further stated that she was sleeping, when she was awakened by a male subject touching her breasts, kissing her neck, and vaginally penetrating her. HB stated that she told the male subject to stop, which he did and then he left the room. HB identified the male subject as DOOKHY. HB stated that she did not provide consent to DOOHKY to touch her or for him to vaginally penetrate her. During this time, HB recalled that SE was sleeping. Agents reviewed HB's bar tab which showed that HB had been served by DOOKHY, and her drink tab was closed at approximately 11:25 p.m. EST.

     5.    SE was also interviewed by FBI Agents. SE stated that she was with HB the entire evening and also consumed alcoholic drinks served by DOOKHY at the karaoke bar. SE stated that DOOKHY appeared to be interested in her and HB over the other guests who he was serving. SE stated she did not observe HB provide DOOKHY with the room key to pay for the beverages. SE and HB went to another bar shortly after leaving the karaoke bar. SE said that she was intoxicated, but not to the point where she needed assistance to her cabin. SE recalled returning to

the cabin at approximately 1:00 a.m. EST. SE stated that she was sleeping when she felt someone caressing her face. SE awoke and immediately recognized the person that was touching her as DOOKHY. SE immediately questioned DOOKHY's presence in her and HB's cabin room. DOOKHY claimed that HB left the room key with him and told him to come to the cabin room. SE stated that she attempted to get DOOKHY to exit the room, but DOOKHY went over to HB's bed where HB was sleeping and began to rub HB's chest. SE stated that both her and HB slept nude. SE began to record and take photos of DOOKHY while she asked him to leave. SE captured photos of DOOKHY as he touched HB's face and breast while HB was asleep. SE then saw DOOKHY leave the room after telling him he needed to leave. HB later told SE that DOOKHY had sexually assaulted her. SE stated that she believed that DOOKHY must have re-entered the room after she told him to leave. SE provided cruise ship security the photographs that she took of DOOKHY in the cabin room. Cruise ship security provided those photographs to your affiant. At least one of these photographs shows DOOKHY's forearm and hand directly touching HB's breast and face while HB is asleep.

6. The cruise ship security also provided your affiant a log from Ving Card detailing the instances in which HB and SE's cabin was accessed. The log shows that at 12:16 a.m. SE's key accessed the room. At 12:50 a.m., the cabin was accessed by HB's room key. HB's room key was again used to access the room at 12:59 a.m., Based upon the statements from HB, SE and the Ving Card log, your affiant believes that DOOKHY entered the cabin room at 12:50 a.m. and then re-entered the cabin room at 12:59 a.m.

7. Agents interviewed DOOKHY after reading him his *Miranda* rights, which he waived. DOOKHY stated that he served drinks to HB and SE while working as a bartender at the karaoke bar. DOOKHY stated HB was flirting with him and HB told him to keep the room key.

DOOKHY further stated that HB had invited him to her cabin room. DOOKHY stated that he had consumed alcoholic beverages while working as the bartender. DOOKHY further stated that entered HB and SE's cabin and began to converse with SE while SE was naked. DOOKHY stated that he only entered the cabin one time and stayed for 2-3 hours. DOOKHY recalled that HB was sleeping when he initially entered the room. DOOKHY then said that HB woke up and began to touch his genitals. DOOHKY became aroused and began to have sexual intercourse with HB. DOOHKY stated that SE was sleeping when he and HB had sexual intercourse. DOOHKY reiterated that HB was awake during sexual intercourse. HB told DOOHKY to stop after a couple of minutes of intercourse, and DOOHKY left the room.

8. After the cruise ship security received the initial complaint, an inspection of DOOKHY's living quarters was conducted by their security team. During the inspection, security identified a cabin key for the room of HB and SE in DOOKHY's work vest.

9. Based on the foregoing, I have probable cause to believe that on or about May 6, 2023, HOOBESH KUMAR DOOKHY committed abusive sexual contact, in violation of 18 U.S.C. § 2244(b).

Devin P. Davis, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me by applicant
IN person by tel~~ephone (FaceTime)~~ per the requirements of
Fed. R. Crim. P. 4(d) and 4.1
this 8th day of May, 2023.

HON. RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: HOOBESH KUMAR DOOHKY

Case No: 23-mj-8233-RMM

Count 1:

Abusive Sexual Contact

18 U.S.C. § 2244(b)
* Max. Term of Imprisonment: 2 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 1 year
* Max. Fine: $250,000
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.